**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ROBIN CRUMB<br>2159 W. 89th Street, Apt. 3<br>Cleveland, Ohio 44102<br><br>            Plaintiff,<br><br>    v.<br><br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>c/o National Registered Agents, Inc.<br>145 Baker Street<br>Marion, Ohio 43302,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No:  1:12-cv-1889<br><br>JURY DEMAND REQUESTED<br><br>**CIVIL COMPLAINT**<br>**(Unlawful Debt Collection Practices)** |

<u>**COMPLAINT**</u>

PLAINTIFF Robin Crumb (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5.  Plaintiff is a natural person who resides in City of Cleveland, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6.  Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6),* Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7.  Defendant is a Delaware corporation and a debt collector with an office in Norfolk, Virginia.

8.  Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9.  Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Plaintiff receives collection calls from Defendant at telephone number: 216-812-5457. Defendant places collection calls to Plaintiff from multiple telephone numbers.

11. Defendant calls Plaintiff up to five times a week, including on Sundays, and as late as 9:00 P.M. seeking to collect on an alleged consumer debt.

12. Plaintiff has repeatedly informed Defendant that she cannot afford to pay a debt because she receives social security disability payments, yet Defendant continues to place frequent calls to Plaintiff seeking to collect on the debt.

13. Defendant has told Plaintiff to provide it with her social security number and the account number for her social security disability payments, even though Defendant cannot lawfully garnish those monies.  Defendant's inquiries about Plaintiff's social security payments unlawfully intimated that Defendant could collect amounts due out of Plaintiff's social security.

14. Defendant has continued to place calls to the Plaintiff and imply that it could take payment from her social security with the intent to harass or annoy the Plaintiff and to coerce her into making payment on the account.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

   d. Defendant violated *§1692e(5)* by threatening to take any action that cannot be legally taken or is not intended to be taken.

   e. Defendant violated *§1692e(10)* by the use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information

concerning a consumer.

      f.    Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

WHEREFORE, Plaintiff, Robin Crumb, respectfully requests judgment be entered against Defendant, for the following:

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

18. Any other relief that this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Robin Crumb, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ David W. Skall*

**DAVID W. SKALL (0068740)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff